THE LOWELL MANUFACTURING COMPANY v. THE AULTMAN ENGINE & THRASHER COMPANY.

No. 15,098.   (90 Pac. 1132.)

Error from Saline district court; ROLLIN R. REES, judge. Opinion filed June 8, 1907. Affirmed.

*J. F. Corder,* and *C. L. Hunt,* for plaintiff in error.
*Ritchie & Abel,* for defendant in error.

Memorandum Decisions.

*Per Curiam:* The only question in this case is if the trial court correctly interpreted a written contract. The plaintiff sued upon it as containing an express agreement to pay the freight upon certain machinery and machine supplies. To make out a case, however, it was assumed the language of the writing did not clearly express the intention of the parties and certain oral negotiations and statements were pleaded to show what the plaintiff claimed for the words used.

If the contract be ambiguous, it is not so in respect to the subject upon which the parties disagree. It contains no promise of the kind the plaintiff needs to support a recovery. The explanatory matters pleaded would simply make another engagement for the parties, inconsistent with the language of the instrument itself. If the plaintiff has a contract for the payment of the items sued for it is not in this document, and must be relied on in virtue of its own character and terms.

The petition does not count upon two contracts, an oral one and a written one. The allegations respecting oral statements between the parties merely give force to the plaintiff's interpretation of the writing, which is the actual basis of the suit and upon which a recovery is sought.

The defendant files a cross-petition in error challenging the district court's interpretation of another part of the contract, but the district court was right in that matter also. There is nothing whatever in the language used indicating that the expenditure of the funds given for advertising was a condition precedent to the recovery of commissions earned. If the plaintiff has broken this part of the contract the defendant's remedy does not lie in depriving it of commissions for machinery actually sold.

There is no substantial dispute between the parties concerning the rules of law by which the controversy is to be solved, and they need not be formally discussed.

The judgment of the district court is affirmed.